UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EQUIPAV S.A. PAVIMENTAÇÃO,
ENGENHARIA E COMERCIO LTDA.,

                    Petitioner,

          - against -

SILMAR ROBERTO BERTIN,

                    Respondent.

**ORDER**

22 Civ. 4594 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On June 3, 2022, Petitioner Equipav S.A. Pavimentação, Engenharia e Comercio Ltda. filed a petition to confirm a foreign arbitration award against Respondent Silmar Roberto Bertin. (See Pet. (Dkt. No. 2)) That same day, Equipav submitted – ex parte – the following documents to the Court: (1) an application for an order of attachment, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. §§ 6201 et seq.; (2) a memorandum of law in support of the application for an order of attachment; and (3) a letter seeking leave to file the application and supporting memorandum under seal.

        As to the issue of sealing, Equipav has not demonstrated that its interests in sealing the attachment application outweighs the presumption of public access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Equipav has filed the Petition and its memorandum of law in support of the Petition on the public docket. These materials expressly reference Equipav's anticipated application for an order of attachment. (See Pet. (Dkt. No. 2); Pet. Br. (Dkt. No. 5) at 18 ("Petitioner will be filing an application for attachment to secure relevant assets . . . .") Moreover, Equipav filed on the public

docket a declaration from Dr. Avi Yanus; the declaration provides details regarding the bank accounts that Equipav seeks to attach in this District. (See Yanus Decl. (Dkt. No. 7) ¶ 30.4)

Given Equipav's decision to file these materials on the public docket, there is no basis for sealing the attachment application papers. Equipav has already publicly stated its intention to file the attachment application, and all of the facts relevant to that application are already available on the Court's public docket. Accordingly, Equipav's motion to file under seal is denied.

As to the substance of the attachment application, it is deficient in several respects. "A plaintiff seeking an order of attachment [pursuant to N.Y. C.P.L.R. § 6201] must show '[1] that there is a cause of action, [2] that it is probable that the plaintiff will succeed on the merits, [3] that one or more grounds for attachment provided in Section 6201 exist, and [4] that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.'" Capital Ventures Int'l v. Repub. of Arg., 443 F.3d 214, 219 (2d Cir. 2006) (quoting N.Y. C.P.L.R. § 6212(a)). In addition, "[o]n a motion for an order of attachment, the plaintiff shall give an undertaking, in a total amount fixed by the court, but not less than five hundred dollars," that will be paid to a defendant "if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property." N.Y. C.P.L.R. § 6212(b); see also Iraq Telecom Ltd. v. IBL Bank S.A.L., 21 Civ. 10940, 2022 WL 827094, at *9 (S.D.N.Y. Mar. 16, 2022).

Equipav's application addresses only the first two elements required for the issuance of an order of attachment. (See Pet. Attachment Br. at 4-5) Equipav does not explain which of the Section 6201 grounds for an order of attachment apply here, nor does it address whether the amount sought in the Petition exceeds all potential counterclaims known to Equipav.

Equipav has also not proffered any undertaking in support of its application. Equipav instead asks "the Court . . . set the amount of an undertaking at zero." (Pet. Attachment Br. at 5) As discussed above, however, N.Y. C.P.L.R. § 6212(b) provides that this Court must require Equipav to post an undertaking in connection with the requested order of attachment. See Iraq Telecom Ltd., 2022 WL 827094, at *9.

Finally, Equipav has not submitted a proposed order of attachment with its application. Absent a proposed order, the Court cannot properly evaluate the scope of the attachment Equipav seeks. See, e.g., Iraq Telecom Ltd., 21 Civ. 10940, Dkt. No. 15 (S.D.N.Y. Jan. 3, 2022) (ordering petitioner to "promptly file a proposed Order of Attachment that identifies the specific funds it seeks to attach by identifying the account numbers and banks").

Because Equipav has not submitted the information necessary for this Court to decide whether an order of attachment is warranted, its application is denied without prejudice. Any future application for an order of attachment will include the following:

(1) a supporting brief addressing all of the elements required for an order of attachment under N.Y. C.P.L.R. § 6201;

(2) a proposed undertaking of at least $500, with case citations supporting the amount of the undertaking; and

(3) a proposed order of attachment.

## CONCLUSION

Petitioner's application for an order of attachment is denied without prejudice, and Petitioner's motion to file its application under seal is denied. The Clerk of Court is directed to docket Equipav's application materials, which the Court has appended to this order.

Dated: New York, New York  
       June 6, 2022

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge

3