# Lewis
# Baach
# Kaufmann
# Middlemiss
PLLC

Tara J. Plochocki
202 659 7217
tara.plochocki@lbkmlaw.com

June 3, 2022

**VIA HAND DELIVERY**

Hon. Paul. G. Gardephe
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

    Re: **Letter Motion to Seal *Ex Parte* Application for Attachment in Case No. 22-cv-04594-PGG *Equipav S.A. Pavimentacao, Engenharia e Comercio Ltda. v. Bertin***

Dear Judge Gardephe:

  Petitioner Equipav S.A. Pavimentação, Engenharia e Comercio Ltda. ("Equipav") respectfully submits this letter motion to seal the accompanying Ex Parte Application for Prejudgment Attachment.

  This case arises from a Petition seeking recognition and enforcement of a foreign arbitral award rendered in its favor and against Respondent, Silmar Roberto Bertin ("Bertin"). *See* Petition for Recognition and Enforcement of a Foreign Arbitral Award ¶¶ 21, 37, ECF No. 2. In furtherance of Equipav's Petition to Enforce its award against Respondent, Petitioner respectfully requests that this Court enter an order sealing the accompanying Ex Parte Application for Prejudgment Attachment submitted herewith, with sealing to be lifted at such time as the Court issues an Order of Attachment and service of said order is made on all relevant parties, or the Ex Parte Application for Prejudgment Attachment is denied.

  Federal Rule of Civil Procedure 5.2(d) permits filing under seal where, as here, exceptional circumstances require so. Sealing is necessary in this case, where the Respondent Bertin has a

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Hon. Paul G. Gardephe
June 3, 2022

well-established history of concealing assets from creditors in complex corporate structures and engaging in other financial schemes in order to avoid payment of his debt obligations. Examples of what Petitioner has been able to discover through its own expense and efforts reveal a scheme to disguise personal assets as foreign investments; the details of these efforts are set forth in the Declaration of Dr. Avi Yanus, ECF No. 7, filed in support of the Petition for Recognition and Enforcement of the Foreign Arbitral Award. If given advanced notice of Petitioner's efforts to attach his assets in this District, Petitioner is certain that Bertin will use every tool and jurisdiction available to him to move his assets out of this jurisdiction and conceal them in another country, continuing his years-long practice of dodging creditors through access to global financial institutions and myriad corporate entities.

As set forth in the accompanying *ex parte* application for an order of attachment, Federal Rule of Civil Procedure 64 directs courts to look to substantive law of the states regarding prejudgment attachment and procedures. New York Law specifically permits filing an attachment application without notice and before service of a summons. CPLR § 6211. The Practice Commentaries to the CPLR make clear that prejudgment attachment without notice is proper where a plaintiff shows that the defendant may attempt to hide or otherwise seek to dissipate assets if given advance notice. CPLR § 6210, Practice Commentaries.

Allowing Petitioner Equipav to proceed with this application under seal will preserve the only mechanism available to Equipav to ensure enforceability of its Award against Bertin. For the reasons set forth herein, Petitioner requests that the court place and maintain this motion and the

# Lewis Baach Kaufmann Middlemiss PLLC

Hon. Paul G. Gardephe
June 3, 2022

accompanying request for an order of attachment under seal until such time as an order is granted and served on all relevant parties or other final disposition on the application is reached.

Respectfully submitted,

/s/ Tara J. Plochocki

Tara J. Plochocki