UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

EQUIPAV S.A. PAVIMENTAÇÃO,
ENGENHARIA E COMERCIA LTDA.,

                Petitioner,

            - against -

SILMAR ROBERTO BERTIN,

                Respondent.

**ORDER**

22 Civ. 4594 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        WHEREAS, on June 3, 2022, Petitioner Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. filed a petition to confirm a foreign arbitration award against Respondent Silmar Roberto Bertin (Pet. (Dkt. No. 2));

        WHEREAS, on June 3, 2022, Petitioner filed, ex parte, an Application for an Order of Attachment concerning assets of Respondent located in the United States (the "Application"), along with a letter motion to seal the Application (Pet. App. (Dkt. No. 12); Pet. Br. (Dkt. No. 13); Pet. June 3, 2022 Ltr. (Dkt. No. 14));

        WHEREAS, on June 6, 2022, this Court denied Petitioner's motion to seal and denied Petitioner's Application without prejudice, because the Application did not include the information necessary for this Court to decide whether an order of attachment is warranted (June 6, 2022 Order (Dkt. No. 11));

        WHEREAS, on June 10, 2022, Petitioner filed, ex parte, a Renewed Application for an Order of Attachment concerning assets of Respondent located in the United States (the "Renewed Application") (Pet. Renewed App. (Dkt. No. 16); Pet. Renewed Br. (Dkt. No. 17));

WHEREAS, on June 3, 2022, Petitioner filed, ex parte, Declarations of Fabrizio Dos Santos Garbin and Dr. Avi Yanus in support of the Renewed Application (Garbin Decl. (Dkt. No. 6); Yanus Decl. (Dkt. No. 7));

WHEREAS, on June 10, 2022, Petitioner filed, ex parte, the Supplemental Declaration of Fabrizio Dos Santos Garbin in further support of the Renewed Application (Garbin Suppl. Decl. (Dkt. No. 18));

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for ex parte relief because there is an imminent risk that Respondent, a non-domiciliary, will remove or dissipate assets if notice of the Renewed Application is given to Respondent;

WHEREAS, Petitioner has satisfied the grounds for an order of attachment pursuant to Rule 64 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rule ("N.Y. C.P.L.R.") § 6201(1) because Petitioner has demonstrated that: (1) Petitioner has a cause of action under 9 U.S.C. §§ 201, et seq.; (2) Petitioner is likely to succeed on the merits; (3) grounds for attachment exist pursuant to N.Y. C.P.L.R. § 6201(1), as Respondent is a non-domiciliary residing outside of New York; and (4) the amount demanded in the Petition exceeds all counterclaims known to the Petitioner, see Cap. Ventures Int'l v. Rep. of Arg., 443 F.3d 214, 219 (2d Cir. 2006); N.Y. C.P.L.R. § 6212(a);

WHEREAS, Petitioner has identified assets owned by Respondent in this District – namely, deposits held or placed in JP Morgan Chase Bank at 383 Madison Avenue, New York, New York – and demonstrated that case law does not preclude attachment of Respondent's assets in New York in an amount up to $40,679,434.05;

**NOW THEREFORE**, upon the ex parte Renewed Application of Petitioner through its attorneys Lewis Baach Kaufmann Midlemiss PLLC,

**IT IS HEREBY ORDERED** that Petitioner's Renewed Application is granted as to assets held by Respondent in New York, and that this Order of Attachment shall be effective immediately and shall remain so unless amended or vacated by this Court.[1]

**IT IS FURTHER ORDERED** that the amount to be secured by this Order of Attachment is $40,679,434.05.

**IT IS FURTHER ORDERED** that, pursuant to Rule 64 of the Federal Rules of Civil Procedure, and Articles 62 and 75 of the N.Y. C.P.L.R., the U.S. Marshal for the Southern District of New York or any person appointed to act in the Marshal's place and stead shall, pursuant to N.Y. C.P.L.R. § 6214, levy – without taking possession, pending further order of the Court – upon such monies, accounts, property, or interest in property of Respondent up to an amount of $40,679,434.05 (the "Levied Property"), as are on deposit with or held by any bank or financial institution in the State of New York (the "Garnishees"), including but not limited to accounts owned, controlled, maintained, or used by Respondent at JPMorgan Chase Bank at 383 Madison Avenue, New York, New York.

**IT IS FURTHER ORDERED** that the following persons shall act in the place and stead of the U.S. Marshal for the purpose of serving this Order of Attachment and effecting any levy ordered hereby: Demovsky Lawyer Service, 401 Broadway, Suite 808, New York, New York 10013, and its employees.

---

[1] To the extent that Petitioner seeks to attach assets of Respondent located outside New York (see Renewed App. (Dkt. No. 16) (seeking an order of attachment "against the assets of Respondent . . . situated in the United States")), that request is denied. See, e.g., Allied Maritime, Inc. v. Descatrade SA, 620 F.3d 70, 74 (2d Cir. 2010) (explaining limitations on attachment of out-of-state accounts); OSRecovery, Inc. v. One Groupe Int'l, Inc., 305 F. Supp. 2d 340, 348 (S.D.N.Y. 2004) (limiting order of attachment to "any assets located in the State of New York of defendants").

**IT IS FURTHER ORDERED** that, pursuant to N.Y. C.P.L.R. § 6214, any levy perfected by service of this Order of Attachment shall be extended and any levy by Petitioner on the Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm or motion to vacate this Order of Attachment or of any levy served pursuant to this Order of Attachment.

**IT IS FURTHER ORDERED** that, to avoid the need to make repeated service of this Order of Attachment to maintain the effectiveness of this levy on the Garnishees, the statutory 90-day period under N.Y. C.P.L.R. § 6214(e) shall be extended and any levy by Petitioner on the Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm or vacate this Order of Attachment or any levy served pursuant to this Order of Attachment.

**IT IS FURTHER ORDERED** that, within five days of being served a copy of this Order of Attachment, the Garnishees shall serve the statement required by N.Y. C.P.L.R. § 6219 upon Petitioner's counsel, Lewis Baach Kaufmann Middlemiss PLLC, by delivery to Tara J. Plochocki at tara.plochocki@lbkmlaw.com.

**IT IS FURTHER ORDERED** that, within ten days of serving this Order of Attachment on the Garnishees, Petitioner shall move – via proposed order to show cause – to confirm this Order of Attachment, pursuant to N.Y. C.P.L.R. § 6211(b).

**IT IS FURTHER ORDERED** that Petitioner shall post a bond in the amount of $40,000 as security within 14 days of the issuance of this Order of Attachment.

Dated: New York, New York
       July 14, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge