UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EQUIPAV S.A. PAVIMENTAÇÃO,
ENGENHARIA E COMERCIA LTDA.,

                       Petitioner,

                    - against -

SILMAR ROBERTO BERTIN,

                       Respondent.

**ORDER**

22 Civ. 4594 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. brings this action to confirm a foreign arbitration award against Respondent Silmar Roberto Bertin. (Pet. (Dkt. No. 2) at 9)[1] Equipav has moved for permission to serve the Petition and a related order of attachment on Bertin by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). (Pet. Br. (Dkt. No. 17) at 23-27) For the reasons stated below, Equipav's application will be granted.[2]

## BACKGROUND

        Equipav is a Brazilian corporation with its principal place of business in São Paulo, Brazil. (Pet. (Dkt. No. 2) ¶ 1) "It is the successor in interest by merger to Empate Engenharia e Comércio Ltda." (Id.) Bertin is a Brazilian citizen who "is the beneficial owner of a Brazilian corporation called Heber Participações SA." (Id. ¶¶ 2-3) After Heber breached a commercial agreement with Empate, on June 3, 2019, Empate obtained an arbitration award

---

[1] Citations to page numbers of docketed material correspond to the pagination generated by this District's Electronic Case Files ("ECF") system.

[2] In a concurrently filed order, this Court grants Equipav's application for an order of attachment concerning Bertin's assets located in New York. (Order of Attachment (Dkt. No. 19))

against Heber and Bertin (the "Award") in Brazil.  (Id. ¶¶ 13-21; Final Arbitration Decision (Dkt. No. 6-4) ¶¶ 4, 196-97)  Bertin has not paid Equipav (or its predecessor, Empate) in accordance with the Award.³  (Pet. (Dkt. No. 2) ¶ 22)

Equipav commenced this action on June 3, 2022, pursuant to the New York Convention on Recognition and Enforcement of Foreign Arbitral Awards, seeking to confirm the Award in the United States.  (See id.)  That same day, Equipav filed an ex parte application for an order of attachment concerning bank accounts held by Bertin in the United States.  (Pet. Attachment App. (Dkt. No. 12))  On June 6, 2022, this Court denied without prejudice Equipav's application for an order of attachment.  (June 6, 2022 Order (Dkt. No. 11) at 3)

On June 10, 2022, Equipav filed a renewed ex parte application for an order of attachment that remedied the defects identified in the Court's June 6, 2022 order.  (Pet. Renewed App. (Dkt. No. 16); Pet. Br. (Dkt. No. 17); Proposed Attachment Order (Dkt. No. 17-1))  Accordingly, concurrently with this order, this Court is issuing an order of attachment pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 6201 et seq.  (Order of Attachment (Dkt. No. 19))

Equipav has begun the process of serving Bertin with the Petition in Brazil – where Bertin resides – pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  The Brazilian authority responsible for effecting service under the Hague Convention has informed Equipav, however, that the average time for completing service is seven to twelve months.  (Garbin Suppl. Decl. (Dkt. No. 18) ¶ 6)

---

³  Heber has filed for bankruptcy protection in Brazil.  (Pet. (Dkt. No. 2) ¶ 5)  "[B]ecause [Bertin] is independently liable for the full Award, [Equipav] is pursuing collection directly from him."  (Id.)

Because of this delay, Equipav seeks permission to serve Bertin with the Petition and order of attachment by alternative means, pursuant to Fed. R. Civ. P. 4(f)(3). (Pet. Br. (Dkt. No. 17) at 23-24) Equipav seeks to serve Bertin via: (1) the email addresses of counsel who represented Bertin in the arbitration proceedings that resulted in the Award; and (2) the email addresses of Bertin's counsel of record in litigation currently pending in Brazilian courts. (Id. at 26-27)

## DISCUSSION

### I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(f) governs serving individuals in foreign countries. It provides that an individual may be served abroad: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

"'[T]here is no hierarchy among the subsections of Rule 4(f).'" Asia Cube Energy Holdings, Ltd. v. Inno Energy Tech Co., Ltd., 20 Civ. 6203 (AJN), 2020 WL 4884002, at *2 (S.D.N.Y. Aug. 17, 2020) (quoting Adv. Aerofoil Techs., AG v. Todaro, 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)). "That is, Rule 4(f)(3) is 'neither a last resort nor extraordinary relief.'" Id. (quoting Todaro, 2012 WL 299959, at *1). Accordingly, "'a plaintiff is not required to attempt service through the other provisions of 4(f) before the Court may order service pursuant to Rule 4(f)(3).'" Id. (quoting AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)) (emphasis in original).

"An alternative method of service under Rule 4(f)(3) 'is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" Id. (quoting S.E.C. v. China Intelligent Lighting & Elecs., Inc., No. 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014)).

"[A] means of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at *3 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  For service via email, the moving party must provide "'some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" Id. (quoting Fischer v. Petr Konchalovsky Found., No. 15-CV-9831 (AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016)) (emphasis in original).  And where a party seeks permission to serve a foreign person's attorney, due process requires that the moving party "'show adequate communication between the individual and the attorney.'"  In re Petrobras Sec. Litig., 14-cv-9662 (JSR), 2015 WL 10846515, at *2 (S.D.N.Y. Nov. 2, 2015) (quoting In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 267 (S.D.N.Y. 2012)).

## II.     ANALYSIS

Here, Equipav seeks to serve Bertin via his attorneys' email addresses.  (Pet. Br. (Dkt. No. 17) at 26-27)  Accordingly, Equipav must show that the requirements for alternative service under Rule 4(f)(3) are met.  See, e.g., Asia Cube, 2020 WL 4884002, at *2 ("Petitioner seeks a court order allowing it to effect service . . . by email; accordingly, Rule 4(f)(3) governs.").

A.        **Whether Service Via Counsel's Email Is Barred by International Agreement**

As to the first requirement for Rule 4(f)(3) service, Equipav has shown that service via the email of Bertin's counsel is "not prohibited by international agreement." Id. (quotation marks and citation omitted).

On May 20, 2019, Brazil became a signatory to the Hague Convention, and the Convention went into effect in Brazil on June 1, 2019. (Garbin Suppl. Decl. (Dkt. No. 18) ¶ 4) The Hague Convention does not prohibit service via email or service via a defendant's counsel. See Aircraft Engine Lease Finance, Inc. v. Plus Ultra Lineas Aereas, S.A., 21 Civ. 1758, 2021 WL 6621578, at *2 (S.D.N.Y. Apr. 23, 2021) ("[T]he Hague Convention does not address service by email, and therefore does not prohibit such service."); In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 267 (concluding that "service on [defendant's] counsel . . . would not run afoul of the Hague Convention"; collecting cases). And while Brazil has objected to Article 10 of the Hague Convention regarding service by mail (see Garbin Suppl. Decl. (Dkt. No. 18) ¶ 4), "[c]ourts in the Second Circuit have generally found that email is not a postal channel and that service by email is authorized if the signatory country has not explicitly objected to service by electronic means." Grp. One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 343 (E.D.N.Y. 2021) (collecting cases); see also ShelterZoom Corp. v. Goroshevsky, 19-cv-10162 (AJN), 2020 WL 4252722, at *2 (S.D.N.Y. July 23, 2020) ("[N]umerous courts have held that service by email does not violate any international agreement, even when a country objects to Article 10 of the Hague Convention[.]" (quotation marks and citation omitted)).

Accordingly, the Hague Convention does not bar Equipav's proposed service via the email addresses of Bertin's counsel.

5

Brazil and the United States are also signatories to the Inter-American Convention on Letters Rogatory, Jan. 30, 1975, and the Additional Protocol to the Inter-American Convention on Letters Rogatory, May 8, 1979, S. Treaty Doc. No. 98-27, 53 Fed. Reg. 31,132 (1988) (the "Inter-American Convention").  See Wash. State Inv. Bd. v. Odebrecht S.A., 17 Civ. 8118 (PGG), 2018 WL 6253877, at *5 (S.D.N.Y. Sept. 21, 2018).  But the Inter-American Convention "'merely provides one possible method of service'" – that is, via letters rogatory – "'[i]t is neither mandatory nor exclusive.'"  Id. (quoting Mavatextil, S.A. v. Liztex U.S.A., Inc., 92 Civ. 4528 (SS), 1994 WL 198696, at *5 (S.D.N.Y. May 19, 1994)).

Accordingly, like the Hague Convention, the Inter-American Convention does not prohibit Equipav's proposed service via the email addresses of Bertin's counsel.

Because the Court is not aware of any other international agreements to which Brazil is a party that would prohibit service via the email of a party's counsel, this Court concludes that Equipav has satisfied its burden of showing that its proposed method of service under Rule 4(f)(3) is not prohibited by international agreement.

**B.**  **Whether Service Via Counsel's Email is Consistent with Due Process**

With respect to the second requirement for Rule 4(f)(3) service, Equipav has shown that service via the email addresses of Bertin's counsel would not offend due process.

Equipav proposes emailing the Petition and the order of attachment to two sets of counsel for Bertin:  (1) five lawyers who represented Bertin in the underlying arbitration proceeding giving rise to this action; and (2) three attorneys of record in current Brazilian court proceedings involving Bertin, Heber, and another company allegedly operated by Bertin.  (Pet. Br. (Dkt. No. 17) at 26-27; Garbin Suppl. Decl. (Dkt. No. 18) ¶¶ 7-11)

As to the lawyers who represented Bertin in the arbitration proceeding, Fabrizio Dos Santos Garbin – Equipav's counsel in Brazil – has submitted a declaration stating that "Empate's counsel during the arbitration regularly corresponded with these attorneys on behalf of Mr. Bertin throughout the duration of that proceeding." (Garbin Suppl. Decl. (Dkt. No. 18) ¶ 8)  And as to Bertin's lawyers in the proceedings currently ongoing in Brazil, Garbin asserts that the email addresses for those lawyers – who are counsel of record in those proceedings – are up to date, noting that "article 287 of the Brazilian Code of Civil Procedure requires that the Power of Attorney[, which must be granted by any party represented in legal proceedings,] must contain an up-to-date email address for the attorney."  (Id. ¶ 11)

Given these representations, the Court concludes that Equipav has met its burden of showing that Bertin "would be likely to receive [notice of these proceedings] at the given email address[es]." Asia Cube, 2020 WL 4884002, at *3 (quotation marks and citation omitted). Because Bertin's arbitration counsel regularly corresponded with Empate's attorneys on behalf of Bertin during the arbitration proceeding, it appears likely that Bertin will receive notice of this action if he is served through the lawyers he employed in the underlying arbitration proceeding. See, e.g., Jolen, Inc. v. Kundan Rice Mills, Ltd., 19 Civ. 1296 (PKC), Dkt. No. 12 (S.D.N.Y. Feb. 26, 2019) (in a confirmation action, permitting service on respondents' arbitration counsel pursuant to Rule 4(f)(3)).  Moreover, service via the email addresses of Bertin's current Brazilian counsel – who are required to maintain up-to-date email addresses under Brazilian law – will ensure that Bertin receives notice of this action.  See, e.g., In re Petrobras Sec. Litig., 2015 WL 10846515, at *2 (permitting alternative service on foreign counsel for Brazilian defendants, where identities of foreign counsel were obtained "by searching the dockets of Brazilian courts"); Prediction Co. LLC v. Rajgarhia, No. 09 Civ. 7459 (SAS), 2010 WL 1050307, at *2

7

(S.D.N.Y. Mar. 22, 2010) (permitting alternative service on counsel for foreign party, where counsel "ha[d] been in recent contact" with the client).

### C.      Discretionary Factors Weigh in Favor of Alternative Service

In addition to determining whether an alternative method of service (1) is prohibited by international agreement, and (2) comports with due process, "courts in the Southern District of New York 'generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3):  (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'"  Hardin v. Tron Found., 20-CV-2804 (VSB), 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (quoting Devi v. Rajapaska, No. 11 Civ. 6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)).

Here, Equipav represents that it has initiated the process of serving Bertin under the Hague Convention, but the Brazilian authority responsible for effecting service has informed Equipav that the average time for completing service is seven to twelve months.  (Garbin Suppl. Decl. (Dkt. No. 18) ¶ 6; Pet. Br. (Dkt. No. 17) at 23)  The Court concludes that Equipav has taken the proper steps to serve Bertin by an "internationally agreed means" under Rule 4(f)(1), but that completion of that process would result in undue delay in the instant proceedings.

As to whether this Court's intervention is necessary, courts in this District have found that lengthy delays in service under the Hague Convention are sufficient to show that alternative service under Rule 4(f)(3) is warranted.  See, e.g., Aircraft Engine Lease Finance, Inc., 2021 WL 6621578, at *1 ("[B]ecause service through the Hague Convention would unnecessarily delay this case, the Court finds that intervention is necessary."); In re GLG Life

Tech Corp. Sec. Litig., 287 F.R.D. at 266 ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).").

In sum, in light of the lengthy delay involved in serving Bertin under the Hague Convention, Equipav's proposed alternative service via email is warranted in this case.

## CONCLUSION

For the reasons stated above, Equipav's request for permission to serve Respondent Bertin by alternative service under Fed. R. Civ. P. 4(f)(3) is granted. Equipav will serve the Petition and supporting materials (Dkt. Nos. 2, 5-7), Equipav's renewed application for an order of attachment (Dkt. Nos. 16-18), the order of attachment (Dkt. No. 19), and this Order on the following attorneys via their email addresses:

(1) Edgard Hermelino Leite Junior (el@leiteadv.com.br);

(2) Laila Abud Sant'Ana (la@leiteadv.com.br);

(3) Mario Rossi Barone (mab@leiteadv.com.br);

(4) Daniela Antonelli Lacerda Bufacchi (dal@leiteadv.com.br);

(5) Letícia Zuccolo Paschoal da Costa Daniel (lzp@leiteadv.com.br);

(6) Joel Luis Thomaz Bastos (joel@twk.com.br);

(7) Leandro Makino (leandro.makino@csclhb.com.br); and

(8) Luciano Godoy (luc@luc.adv.br).

No later than July 21, 2022, Equipav will file proof on the Court's docket that it has effected service via these email addresses.

Dated: New York, New York
July 14, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge