

Tara J. Plochocki
202 659 7217
tara.plochocki@lbkmlaw.com

August 25, 2023

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:  *Equipav S.A. Pavimentacao, Engenharia e Comercio Ltda. v. Bertin*
            Case No. 22-cv-04594-PGG

Dear Judge Gardephe:

      Petitioner submits this letter to update the Court on proceedings before Brazilian courts as they relate to the arbitral award that is the subject of Petitioner's June 2, 2022 Petition for Recognition and Enforcement of a Foreign Arbitral Award. In São Paolo, Respondent Bertin has lost his challenge to enforcement of the award at issue and the appellate court rejected his request for an injunction during his interlocutory appeal. There have never been grounds for a stay of these proceedings, a fact which is now beyond dispute. The supplemental declaration by Ms. Jozi Maria Uehbe attached hereto establishes the procedural facts set forth below.

      The Brazilian proceedings were about enforce the arbitral award. As briefed in Petitioner's opposition to the motion to dismiss and/or to stay (Dkt. #51), whether the arbitral award is valid has never been in real dispute; the award became a judgment under Brazilian law in August 2019 after Bertin failed to challenge it. Bertin only challenged the award once Petitioner sought to execute it. Uehbe Decl. ¶ 19 (Dkt. #52). This challenge was never a valid basis for a stay. Bertin nevertheless cited it as grounds for a stay in its November 21, 2022 motion to dismiss (Dkt. #49).

      Developments in the Brazilian proceedings have obviated any need to delve into the merits of the motion to stay; it is entirely moot. Bertin last argued that the Court should grant a stay because, although Bertin lost his challenge to enforcement of the arbitral award in Brazil in April, his motion for clarification of that decision remained pending. *See* Resp. Letter (July 12, 2023. dkt. #55). No longer. On August 8, 2023, the Tribunal of Justice of the State of Sao Paolo published its decision to deny the motion for clarification. It is unclear why Bertin failed to bring this to the attention of this Court, which has an overwhelming docket and does not have the time to spend on issues with no possible relevance.

1101 New York Avenue, NW  |  Suite 1000  |  Washington, DC 20005  |  t 202 833 8900  |  f 202 466 5738

WASHINGTON   NEW YORK   LONDON

lbkmlaw.com



Hon. Paul G. Gardephe<br>
August 25, 2023<br>
Page 2

  The pendency of the motion for clarification was the sole reason Bertin offered in support of staying this action.  After the publication of the order denying the motion for clarification, Bertin moved to stay the effect of the Tribunal's order during his interlocutory appeal.  The Court of Justice of Sao Paolo rejected that motion on August 21, 2023, finding Bertin's legal position wholly without merit.  Bertin is out of options to avoid enforcement measures in Brazil.

  That Petitioner is free to enforce the award in the manner of its choosing in Brazil is cold comfort, however, since Bertin does not maintain personal assets there.  Instead, as set forth in the Petition and supporting declarations, Bertin concocted an evasion scheme to avail himself of the U.S. financial system, routing his assets through foreign entities to conceal them in this country.  In so doing, he preemptively dodged the guarantor liabilities that gave rise to the underlying dispute.  Bertin has not denied these allegations.  *See* opp. at 10 (Dkt. #51).  Petitioner respectfully requests the Court to issue an order granting the Petition to Recognize and Enforce a Foreign Arbitral Award so that it may finally penetrate Bertin's scheme and satisfy the more than $40 million debt owed to it.

Sincerely,<br><br>
Tara J. Plochocki

**MEMO ENDORSED:  Respondent will submit a letter by September 28, 2023 at 5:00 p.m. stating whether he agrees with Petitioner's representation that (1) Respondent has "lost his challenge to enforcement of the award" in the Brazilian proceedings and (2) Respondent's motion to stay these proceedings (Dkt. No. 48) is moot.  To the extent Respondent disagrees, Resplendent will submit a declaration indicating the basis for said disagreement.**

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Date:  September 27, 2023